Ali YAZDI, Appellant,

v.

REPUBLIC INSURANCE
COMPANY, Appellee.

No. 04–95–00185–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 30, 1996.

Rehearing Overruled Dec. 2, 1996.

David K. Anderson, Julie B. Cunningham, Anderson & Associates, Houston, for Appellant.

Michael Phillips, David B. Edwards, Phillips & Akers, Houston, for Appellee.

Before RICKHOFF, HARDBERGER and PRESTON DIAL, JJ.

## OPINION

HARDBERGER, Justice.

This is an insurance fraud case. Ali Yazdi ("Yazdi") appeals from a final judgment rendered on the jury's verdict in favor of Republic Insurance Company ("Republic") awarding Republic attorneys fees and costs. We affirm the judgment of the trial court.

### Facts

Yazdi filed a proof of loss with Republic on August 21, 1992 claiming his Houston condominium had been burglarized. Yazdi claimed that six oriental rugs, a gold Rolex watch, a

stereo, and a leather jacket were stolen. Republic had issued a $50,000 homeowner's policy to Yazdi that covered personal property loss. The policy was due to expire a few days after the theft occurred.

Republic conducted an investigation in connection with Yazdi's claim and requested documentation regarding the stolen items. Yazdi provided Republic with an appraisal for three of the six rugs, valuing these three rugs alone at $62,500, well over policy limits. Further information uncovered during the investigation, however, caused Republic to doubt the validity of Yazdi's claim. The $50,000 insurance policy Yazdi had through Republic was the only policy he had ever taken out on the rugs he claimed to have owned for a number of years. Yazdi knew that the policy was due to expire and Republic had informed him that it would not renew the coverage. Yet, Yazdi made no attempt to obtain alternate coverage for the property. Moreover, earlier the same year Yazdi had requested, unsuccessfully, that his policy limits be increased from $50,000 to $95,000.

A number of inconsistencies in Yazdi's story surfaced as well. First, Yazdi had informed Republic initially that he purchased the rugs in Iran and had no receipts for them. Later, though, he stated that some of the rugs were family heirlooms given to him by his father. Additionally, the sizes and shapes of the rugs varied between the initial police report and the proof of loss submitted to Republic. Finally, he initially denied that anyone ever entered his condominium, but later revealed that he had listed the condominium for sale at the time of the loss and numerous prospective buyers had entered the condominium.

Republic ultimately refused Yazdi's claim for lack of sufficient documentation and fraud. Yazdi sued Republic for breach of contract, negligence, violations of the Texas Deceptive Trade Practices Act (DTPA) and Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud and misrepresentation. Republic asserted that the policy was void under the "Concealment or Fraud" clause of the policy, and counterclaimed for attorney's fees under the DTPA and the Insurance Code on the basis that

Yazdi's claims were groundless and brought in bad faith. The jury unanimously found in favor of Republic on its affirmative defense of fraud and awarded $35,000 in attorneys fees and costs to Republic. The jury attached to the verdict a handwritten statement signed by all twelve jurors recommending that Yazdi be made to pay $50,000 in punitive damages and be subjected to criminal fraud charges. The trial court entered its final judgment on the verdict and found that Republic was entitled to attorney's fees because Yazdi's claim was groundless and brought in bad faith. In seven points of error, Yazdi argues that the trial court erred by failing to properly instruct the jury on fraud, finding that Yazdi's claim was groundless and brought in bad faith, and awarding attorney's fees to Republic.

### Jury Charge

■ Yazdi's first five points of error concern the question submitted to the jury on Republic's affirmative defense of fraud. The question read as follows:

### JURY QUESTION NO. 1

Do you find that Ali Yazdi intentionally concealed or misrepresented any material fact or circumstance, or made false statements or committed fraud, either before or after the loss, relating to the insurance policy in question with Republic Insurance Company?

Fraud as used in this question occurs when a party makes a material misrepresentation, the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and the misrepresentation is made with the intention that it should be acted on by the other party.

Misrepresentation as used in this question means a false statement of fact or a statement of opinion based on a false statement of fact or a statement of opinion that the maker knows to be false.

Answer "Yes" or "No".

Answer: _____

Yazdi asserts that the trial court erred with regard to this question by: (1) submitting

the question because it required the jury to find fraud if the jury determined that Yazdi had inadvertently made an inaccurate statement to Republic about an immaterial fact; (2) failing to instruct the jury that in order to find fraud the jury must find that Yazdi intended to mislead Republic; (3) overruling Yazdi's objection to this jury question because the question eliminated Republic's burden of proving by a preponderance of the evidence that the policy was void due to fraud; (4) overruling Yazdi's objection to this question because the question in effect instructed the jury to return a verdict for Republic if it found that Yazdi made an incorrect statement to Republic; and (5) failing to properly instruct the jury on the elements of fraud. In sum, Yazdi complains of this jury question because it may have had the effect of allowing the jury to return a verdict for Republic if it found that Yazdi had made only a false statement of an immaterial fact to Republic concerning his claim.

 We agree that the question may have had this effect and further agree that the question did not require the jury to find that Yazdi intentionally misled or deceived Republic to find fraud. Fraud consists of "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, *which was intended to be acted upon*, which was relied upon, and which caused injury." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex.1990), *cert. denied*, 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). Although the jury was properly instructed as to the definition of fraud, the wording of the question would allow the jury to disregard that definition and answer the question "yes" if they found only that Yazdi made a false statement. The problem is caused by the use of disjunctive, rather than conjunctive, connectors in the sentence. The question required the jury to answer in the affirmative if they found that Yazdi "intentionally concealed or misrepresented any material fact or circumstance, *OR* made false statements *OR* committed fraud ..." (emphasis added). Because the question did not require the jury to find the element of intent to deceive, it was in error.

 Republic nevertheless argues that Yazdi has not preserved his first five points of error regarding the jury charge for review. To preserve error for consideration on appeal, a party must make a timely objection or request and obtain a ruling. TEX.R.APP.P. 52(a). Complaints regarding the jury charge must be specifically preserved by objections or written requests, as appropriate, before the charge is read to the jury. TEX.R.CIV.P. 272. In determining if charge error has been sufficiently preserved, we apply the test set out by the supreme court in *State Department of Highways and Public Transportation v. Payne*, 838 S.W.2d 235 (Tex.1992), in conjunction with the rules of civil procedure. *Gilgon, Inc. v. Hart*, 893 S.W.2d 562, 565 (Tex.App.—Corpus Christi 1994, writ denied). The supreme court has stated that the test for determining whether a party has preserved error in the jury charge is "whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992). The court instructs us to apply the more specific requirements of the rules in conjunction with this test. *Id.* Texas Rule of Civil Procedure 273 requires a party to submit written requests for questions, definitions, and instructions. TEX.R.CIV.P. 273. Rule 278 further requires a party to tender a substantially correct definition or instruction in writing to preserve error as to the trial court's failure to submit a definition or instruction. TEX.R.CIV.P. 278; *see Woods v. Crane Carrier Co., Inc.*, 693 S.W.2d 377, 379 (Tex.1985).

It is difficult to determine from the record in this case whether Yazdi actually objected to question one or whether he merely requested that a definition of the word "false" be added. In response to the court's question as to whether the plaintiff had any objections to the charge, Yazdi's counsel began to object regarding the unclarity of something in the charge, but the trial judge interrupted and began asking how the word "false" should be defined. Yazdi's counsel orally requested that the court define "false" as something more than untrue and explain that it means something untrue and deceitful and implies intention to perpetrate some

treachery or fraud. The court denied this request and overruled the objection.

■ We conclude that Yazdi did not preserve error regarding his complaints as to jury question number one. When a definition is omitted from the charge, the party requesting that it be included must tender, in writing, a substantially correct definition of the term. Tex.R.Civ.P. 278. Even "objections that imply the necessary inclusion of limiting instructions or definitions obligate the objecting party to provide those instructions or definitions to preserve any error." *Gilgon, Inc.*, 893 S.W.2d at 567. By failing to make a written tender, Yazdi failed to preserve error as to the omission of the definition of "false." *See Woods*, 693 S.W.2d at 379. Further, the record does not reveal that Yazdi ever raised before the trial court any of the specific objections to the charge he now brings before this court in his first five points of error. The trial judge interrupted Yazdi's counsel before he could conclude his objection, but Yazdi's counsel never attempted to later articulate a clear objection that would sufficiently apprise the trial court of the specific complaint. Although the supreme court "simplified and loosened the prevailing view of the necessity of precise objections to preserve charge error" in *Payne*, we conclude that Yazdi's objection failed to meet even the *Payne* test. *See Matthiessen v. Schaefer*, 900 S.W.2d 792, 797 (Tex.App.—San Antonio 1995, writ denied).

Points of error one through five are overruled.

## Finding of Bad Faith and Award of Attorney's Fees

■ In his sixth and seventh points of error, Yazdi argues that the trial court erred when it found that Yazdi's claim was groundless and brought in bad faith and awarded attorney's fees to Republic. Yazdi contends that the evidence showed there was an arguable basis in fact and law for his claim. The judgment of the trial court stated that the court's finding was based on the jury's verdict and the evidence.

■ We apply an abuse of discretion standard in reviewing the trial court's conclu-sions as to whether a party's claim is groundless and brought in bad faith. *Donwerth v. Preston II Chrysler–Dodge*, 775 S.W.2d 634, 637 n. 3 (Tex.1989). We will reverse a trial court based on an abuse of discretion only if the record clearly demonstrates that the trial court's decision was arbitrary and unreasonable. *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). We must view the evidence in the light most favorable to the trial court's ruling and indulge every presumption that would favor the trial court's action. *Elbaor v. Sanderson*, 817 S.W.2d 826, 828 (Tex.App.— Fort Worth 1991, no writ).

■ Reviewing the record in the light most favorable to the trial court's ruling, we conclude that the trial court did not act arbitrarily or unreasonably in deciding that Yazdi's claim was groundless and brought in bad faith. The test to determine whether a claim is groundless and brought in bad faith is "whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the ... claim." *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex.1989); *see also Donwerth*, 775 S.W.2d at 637. The record in this case supports a finding that Yazdi's claim was fraudulent and without an arguable basis in fact and law. The evidence established that Yazdi's claim was indicative of questionable claims encountered by Republic's investigators in the past—the loss occurred shortly before the policy expired, the loss was of heirlooms or other items for which no receipts were available, the policy had excessive coverage limits, and the claimant was unreasonably demanding to obtain a speedy settlement. Many inconsistencies in Yazdi's story were revealed at trial and his background indicated that he was deceitful. Yazdi consistently used different spellings of his name, birthdates, addresses, and social security numbers. He had filed at least two personal injury claims, had deportation proceedings pending against him, and had been charged with misdemeanor theft on several occasions. The jury clearly had no doubt that Yazdi's claim was fraudulent, as it specifically recommended that Yazdi be assessed punitive damages and charged with criminal

fraud in addition to the attorney's fees it assessed. The trial court did not abuse its discretion in concluding that Yazdi's suit against Republic was based on a fraudulent claim and was groundless and brought in bad faith. Yazdi's sixth and seventh points of error are overruled.

The judgment of the trial court is affirmed.