LUMBERMENS MUTUAL CASUALTY
COMPANY, Appellant,

v.

Johnny CARTER, Appellee.

No. 09–96–002 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 14, 1996.

Decided Dec. 12, 1996.

Ren Patrick Rigby, Jr., Munisteri, Sprott, LeFevre & Rigby, Houston, for appellant.

March H. Coffield, Sid S. Stover, Seale, Stover, Coffield & Bisbey, Jasper, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a declaratory judgment suit wherein the trial court entered judgment against appellant holding that appellant was denied any subrogation, lien or reimbursement from or against any recovery of money by Johnny Carter from Temple–Inland Forest Products Corporation. Because we find the evidence is factually and legally sufficient to uphold the lower court's ruling, we affirm the decision of the trial court.

In the suit below, appellee sought to have the trial court interpret and construe appellant's workers' compensation insurance policy and endorsements issued to Carter's employer, Biskamp Electric Company, Inc. pursuant to Biskamp's contract with Temple–Inland Forest Products Corporation and the certificate of insurance issued in connection therewith. Carter received worker's compensation benefits under said workers' compensation policy for injuries he sustained while working for Biskamp at the Evadale, Texas plant of Temple–Inland Forest Products Corporation. Carter then filed a third-party action against Temple–Inland Forest Products Corporation in Jasper County, Texas. Appellant intervened and sought to assert a subrogation interest on any recovery made by Carter in said third-party suit, despite the waiver of subrogation called for

in Biskamp's contract with Temple Inland Forest Products Corporation.

The trial court entered judgment that appellant had waived its right to subrogation and was estopped from asserting any claim for reimbursement in the said third-party case. This appeal followed. In its sole point of error, appellant asserts that the trial court erred in ruling that the certificate of insurance issued by appellant specifically waived its right of subrogation for benefits paid to or for Johnny Carter and that appellant was estopped from asserting any claim to reimbursement in Johnny Carter's third party action, because there is no evidence, or in the alternative, the evidence is factually insufficient to support the court's finding of waiver.

In determining a no evidence point, we consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). If there is more than a scintilla of such evidence to support the finding, the claim is sufficient as a matter of law and any challenges go merely to the weight to be accorded the evidence. *Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex.1993). On the other hand, in determining an insufficient evidence point, we inquire whether the evidence is so weak or the contrary evidence so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). To make this determination, we consider all the evidence. See *Jaffe Aircraft Corp. v. Carr,* 867 S.W.2d 27, 29 (Tex. 1993).

■ Appellant argues that the waivers of subrogation endorsement contained in the workers' compensation policy issued to Biskamp by appellant were specific waivers as to "Temple–Inland" and "Temple Assoc., Inc.". Additionally, appellant argues the endorsements do not name "Temple–Inland Forest Products Corporation" and that Carter was injured while working at Temple–Inland Forest Products Corporation.

The record reflects that there is no corporation in Texas named simply "Temple–Inland". Appellant put on evidence that there is a "Temple–Inland, Inc.", a "Temple Associ-

ates, Inc.", and a "Temple–Inland Forest Products Corporation". There is evidence in the record that the waiver of subrogation endorsement contained in the workers' compensation policy issued to Biskamp by appellant applied to Temple–Inland Forest Products Corporation. Appellee put on evidence in the form of live testimony that "Temple–Inland" is the standard way to refer to Temple–Inland Forest Products Corporation. Additionally, the evidence shows that the only Temple–Inland corporation that Biskamp contracted with was Temple–Inland Forest Products Corporation. Said contract between Biskamp and Temple–Inland Forest Products Corporation contains the "waiver of subrogation" provision giving rise to the policy in question. And, the certificate of insurance issued by appellant concerning the policy in question shows the certificate holder to be "Temple–Inland, P.O. Box 816, Silsbee, TX 77656". The certificate of insurance, with the notation "Waiver of Subrogation Included" was sent by appellant's authorized representative to the address shown above— the address of Temple–Inland Forest Products Corporation. Consequently, we hold that there was some evidence in the record for the trial court to base its decision that the waiver of subrogation clause prevented appellant from making any type of subrogation recovery against Johnny Carter.

■ By appellant's own evidence, there is no corporation named simply "Temple–Inland" licensed to do business in the State of Texas. Therefore, the insurance policy, as contended by appellant, would be impossible to perform. If two constructions are possible, a construction rendering the contract possible of performance will be preferred to one which renders its performance impossible or meaningless. *Temple–Eastex Inc. v. Addison Bank,* 672 S.W.2d 793, 798 (Tex. 1984); *Republic Nat'l Bank v. Northwest Nat'l Bank,* 578 S.W.2d 109, 115 (Tex.1978); *Portland Gasoline. Co. v. Superior Marketing Co.,* 150 Tex. 533, 535, 243 S.W.2d 823, 825 (1951).

■ Additionally, since appellant provided the endorsement in question and chose the designation "Temple–Inland", any construc-

tion thereof should be made strictly against appellant. In Texas, a writing is generally construed most strictly against its author and in such a manner as to reach a reasonable result consistent with the apparent intent of the parties. *Republic,* 578 S.W.2d at 115. The record reflects that the parties intended the waiver provision to apply to Temple–Inland Forest Products Corporation. It is undisputed that Johnny Carter was working for Biskamp at the Temple–Inland Forest Products Corporation site at Evadale, Texas, he was hurt while working there, appellant paid him workers' compensation benefits for his injury while working at said facility, and Temple–Inland Forest Products was the only Temple–Inland entity Biskamp contracted with. Appellant even sent the certificate of insurance concerning the policy in question to Temple–Inland Forest Products Corporation. Consequently, in reviewing appellant's point of error, we hold that the evidence is not so weak or the contrary evidence not so overwhelming that the finding of the trial court should be set aside and a new trial ordered.

Accordingly, we overrule appellant's sole point of error.

AFFIRMED.