Richard SIFUENTES, Appellant,

v.

Clare CARRILLO, Appellee.

No. 04–97–00924–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 7, 1998.

Rehearing Overruled Nov. 19, 1998.

Gary m. Poenisch, San Antonio, for Appellant.

Robert N. Ray, Law Offices of Robert N. Ray, Inc., San Antonio, Edward L. Rice, Dallas, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant Richard Sifuentes ("Sifuentes") appeals the trial court's judgment denying his various claims regarding an agreement between Sifuentes and appellee, Clare Carrillo ("Carrillo"), a tax sale purchaser of property formerly owned by Sifuentes. In two points of error, Sifuentes argues that the trial court's implicit disregard of a specific jury finding on the nature of the agreement was erroneous; that the trial court's judgment, to the extent it conflicts with the jury finding on that issue, should be disregarded; and judgment should be rendered in his favor on the remainder of his claims as a matter of law. Sifuentes also challenges the trial court's grant of attorneys' fees to Carril-

lo. We affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

This case has a convoluted factual and procedural history, involving proceedings in at least five courts at different stages of the game. Sifuentes owned a tract of property located at 539 South General McMullen, San Antonio, Texas. Sifuentes failed to pay his ad valorem taxes, and the property was sold to Carrillo at a tax sale on the first Tuesday of December, 1994 for $16,514.63.

On December 8, 1994, Carrillo sent Sifuentes a notice to vacate within three days. When Sifuentes failed to do so, Carrillo moved unsuccessfully in the justice of the peace court to evict Sifuentes from the property through a forcible entry and detainer (FE & D) action.[1] Carrillo appealed the justice of the peace decision to the county court at law in cause no. 222602.

On the day the case was set to be heard in the county court at law, Sifuentes and Carrillo reached the handwritten agreement which is at the heart of this dispute. The parties, both assisted by counsel, executed an agreement which read in its entirety:

2/24/95

Agreement between CLARE CARRILLO and

Richard Sifuentes and ADN Investments, Inc.,

regarding reset of FE & D case 222602 CC @ Law No. 2

1. FE & D case reset to *6–15–95 @ 9:30 a.m. CC # 2;* and

2. Sifuentes & ADN pay $7,000 cash to Carrillo, reicipt (sic) of which is acknowledged by signatures hereto;

3. 7,000 pd. today will be applied to Sifuentes' right of redemption if he redeems the real property on or before ~~May~~ June 10, 1995 by paying a total of 21,324.29 to Clare Carrillo. If Si-

fuentes fails to redeem by paying the additional amount of *14,324.29* by ~~May~~ June 10, 1995, Carrillo retains the $7,000 pd. today as liquidated damages, attorneys fees & costs.

4. If redemption occurs per above, FE & D suit will be dropped or dm'ed (sic) w/ prejudice.

/s/ Leslie E. Vaughn /s/ Clare Carrillo

/s/ Fred York /s/ Richard Sifuentes

According to the testimony, Carrillo's attorney drafted the agreement; however, he did so in the presence of and in conversation with Sifuentes and his attorney. Sifuentes paid Carrillo the $7,000 on the day the agreement was signed. However, Sifuentes failed to make the $14,324.29 payment on June 10, 1995.[2]

On January 22, 1996, the county court at law issued an order authorizing Carrillo to take possession. Carrillo then attempted to evict Sifuentes from the property and forfeit the $7,000 without giving notice to him of such intent. Sifuentes moved for and obtained an ex parte temporary restraining order preventing his eviction on March 7, 1996. On the same day, he attempted to tender $9,000 to Carrillo's attorney. This tender was refused and the TRO was later vacated, with costs assessed against Sifuentes. Similarly, Sifuentes attempted to tender $11,824.29 on two other occasions (March 14, 1996 and April 1, 1996), both of which were refused. On April 1, 1996, Sifuentes again moved for and obtained a temporary restraining order preventing his eviction, which again was later vacated and costs assessed against Sifuentes. On April 12, 1996, the county court abated the entry of the "judgment of restitution" and execution of the writ of possession pending the final determination of the lawsuit in district court, which is the subject of this appeal.

---

1. The motion was dismissed because the justice of the peace perceived a question of title.

2. Instead, Sifuentes filed for bankruptcy protection on June 15, 1995, the reset date of the FE & D. In the course of the bankruptcy, Sifuentes expressly denied the existence of any executory contracts. The bankruptcy court later denied and dismissed Sifuentes' bankruptcy claim, and specifically decreed that Carrillo would not be impeded from acting on her rights if Sifuentes were to file any later bankruptcy proceeding.

On or about April 15, 1996, Sifuentes, through his attorney, tendered $2,500 to Carrillo's attorney, who accepted the money.[3] At this time, Sifuentes amended his original TRO and injunction petition to claim that the agreement between the parties was an executory contract for the sale of land, demanding specific performance of the agreement in the form of a deed, and claiming that Carrillo's acts in attempting to reclaim the property violated the Deceptive Trade Practices Act, the Debt Collection Practices Act, and the Consumer Credit Act. Carrillo asserted the affirmative defense of laches and counterclaimed for fair market rents for the period of time Sifuentes remained in possession beyond the date of her deed.

These claims were tried to a jury, who, after hearing two days of testimony, found, in pertinent part, that: the agreement between the parties is an executory contract for the sale of land; Carrillo did not engage in any false, misleading, or deceptive acts that Sifuentes relied on to his detriment that were a producing cause of damages to Sifuentes; Carrillo did not engage in any unconscionable action or course of action that was a producing cause of damages to Sifuentes; $25,000 constitutes reasonable attorneys' fees for either Sifuentes and Carrillo; and Sifuentes should pay $24,800 to Carrillo as fair market rents for the period from December 9, 1994 to the date of this jury verdict.

Sifuentes filed a motion to disregard the jury verdict or, alternatively, a motion for new trial. The judge overruled these motions and rendered judgment in favor of Carrillo on October 23, 1997. The judge ruled that Sifuentes shall recover no monetary damages from Carrillo; Carrillo not be enjoined from executing a writ of possession against Sifuentes; that Sifuentes was not entitled to specific performance; Carrillo was not required to deliver a warranty deed conveying the premises; and Carrillo was entitled to attorneys' fees. The judge failed to award Carrillo the fair market rents for the

period of Sifuentes's possession from the date of the sale to the verdict.

Sifuentes appeals.

## DISCUSSION AND ANALYSIS

### I. AGREEMENT BETWEEN THE PARTIES

#### A. Contract Principles

A determination of the nature of the agreement—that is, whether it is an executory contract for the sale of land, as Sifuentes urges, or whether it is a settlement agreement regarding a reset in the FE & D case, as Carrillo urges—and whether the agreement is ambiguous are dispositive of the remainder of the issues raised by Sifuentes on appeal.

Sifuentes argues, and the jury found, that the agreement between the parties is an executory contract for the sale of land. Carrillo contends that the agreement is a settlement agreement whereby she agreed to refrain from exercising her right of possession during his redemption period. Whether an agreement is legally enforceable or binding is a question of law. *America's Favorite Chicken Co. v. Samaras*, 929 S.W.2d 617, 622 (Tex.App.—San Antonio 1996, writ denied). On appeal, the trial court's legal conclusions are always reviewable, and we are not obligated to give any particular deference to those conclusions. *Id.* Rather, we are required to undertake an independent evaluation of the trial court's legal determinations. *Id.* We will not reverse a trial court's legal conclusions on appeal unless they are erroneous as a matter of law. *Id.*

In construing a written contract, the court's primary concern is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). Toward this end, we examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so

---

**3.** The reason for this submission is in dispute. Sifuentes claims that the $2,500 was tendered toward the agreed redemption amount of $14,-324.29, which he had failed to pay before June

10, 1995. Carrillo asserts that it was toward attorney's fees and liquidated damages as a result of Carrillo's forebearance of seeking to evict Sifuentes.

that none will be rendered meaningless. *Id.* No single provision taken alone shall be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Id.* In addition, the court shall consider evidence of circumstances surrounding the execution of the agreement. *America's Favorite Chicken Co.,* 929 S.W.2d at 622.

■ Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Coker,* 650 S.W.2d at 394. If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Id.* A written instrument is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Towers of Texas, Inc. v. J & J Systems, Inc.,* 834 S.W.2d 1, 2 (Tex.1992). Mere disagreement over the meaning of a provision in a contract does not make it ambiguous. *County of Maverick v. Texas Ass'n of Counties Worker's Compensation Self–Insurance Fund,* 852 S.W.2d 700, 705 (Tex.App.—San Antonio 1993, no writ). Neither conflicting interpretations nor conflicting expectations are sufficient to create an ambiguity. *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 134 (Tex.1994).

■ There is a significant legal difference between ambiguity and indefiniteness. *America's Favorite Chicken Co.,* 929 S.W.2d at 628. Ambiguity occurs when the intention of the parties is expressed in language susceptible of more than one meaning. *Id.* To the contrary, when a contract is silent, the question is not one of interpreting the language but rather one of determining its effect. *Id.* A jury may not be called upon to construe the legal effect of an agreement or to supply an essential term upon which the parties did not mutually agree. *Id.*

■ It is incumbent upon a trial judge to make a determination of whether a contract is ambiguous. *Exxon Corp. v. West Texas Gathering Co.,* 868 S.W.2d 299, 302 (Tex.1993). If a contract is deemed ambiguous by the court, interpretation of the instrument becomes a fact issue. *Coker,* 650 S.W.2d at 394. In the absence of an express finding of ambiguity, the trial judge's submission of a jury question on a contract raises the inference that the trial court found the contract to be ambiguous. *Exxon,* 868 S.W.2d at 302.

■ We find the agreement between the parties is unambiguous on its face as a matter of law. We further find that the agreement is not an executory contract for the sale of land.

An examination of the agreement itself and the circumstances attendant to its execution demonstrate that the agreement was generated with the intent of allowing Sifuentes to remain on the property throughout the redemption period while he attempted to exercise his right to redemption under the Texas Tax Code, although he had no statutory right to possession during the redemption period. *See* TEX. TAX CODE ANN. § 34.21(f) (Vernon 1992 & Supp.1998) (providing that former owner has no right to use or possession of property while right of redemption exists).

Although Carrillo concedes that she would have tendered a quitclaim deed if Sifuentes had paid the amount in full within the time period set out in the agreement, the agreement does not impose a duty on her to do so. In fact, her duty to do so comes from the Tax Code's provisions regarding a tax sale. *See* TEX. TAX CODE ANN. § 34.01, § 34.21(f) (Vernon 1992 & Supp.1998) (recognizing that tax sale purchaser takes deed subject to former owner's redemption right). The tax auction purchaser's obligation to reconvey a deed is involuntary and required by statute upon payment of out-of-pocket expenses plus a penalty.

The only obligation Carrillo undertook in the agreement was forebearance. The *agreement* did not impose a duty on Carrillo to reconvey the property on payment of the agreed redemption price. The fact that she may have that duty under the Tax Code is separate and distinct from the agreement. In addition, the agreement did not oblige Sifuentes to pay Carrillo the remainder of the redemption amount. To the contrary,

the agreement specifically contemplated Sifuentes's failure to redeem, and explicitly set out the effect of nonpayment in the agreement—forfeiture of the money paid and no further obligation to Carrillo.

The factors in this agreement clearly contemplate redemption, and the rights of both parties attendant to redemption. The amount necessary to redeem is the amount required under the statutory calculation; the time period is the statutory time period for redemption; Carrillo's right to possession, which she agreed to temporarily forego, is afforded by the redemption statute; and the language of the agreement specifically refers to "right of redemption," "redeems" and "fails to redeem." Nowhere does the agreement speak in terms of "buy," "sell" or "convey."

Although the end result of a executory contract for the sale of land is the same result as in a redemption (the putative purchaser ends up with a deed to the land), the process is dissimilar. The right of redemption is not contractual—it is statutory. In essence, it obviates the need for a contract because the statute sets out the procedure and the terms whereby a former owner may regain title to the foreclosed property. An executory contract for the sale of land is the product of a purposefully-sought bargained-for exchange between two parties and sets out negotiated conditions by which the transfer of land will be effected. It is necessarily contractual in nature, although the permissible scope of its terms may be impacted upon by statute.

## B. The Jury Verdict

The jury was asked whether the agreement between Sifuentes and Carrillo was an executory contract for the sale of

land. The jury responded affirmatively. We review error in a charge under an abuse of discretion standard. *America's Favorite Chicken Co.*, 929 S.W.2d at 624. The trial court abuses its discretion by acting arbitrarily, unreasonably, or without consideration of guiding rules or principles. *Id.* Failure of the trial court to correctly analyze or apply the law constitutes an abuse of discretion. *Id.* at 625.

The record does not show that the trial court ever made a ruling on whether the contract is ambiguous, and the recitals in the judgment do not assist this inquiry. However, as *Exxon* points out, a determination that the contract is ambiguous is implied by the trial court's submission of a jury question. 868 S.W.2d at 302.

On the other hand, the trial judge did not award Sifuentes any damages or the property, allowed Carrillo to take possession of the property, and assessed costs and attorneys' fees against Sifuentes, so we can also infer that he did not find the agreement to be an executory contract for the sale of land and disregarded the jury's finding.

The contract is unambiguous on its face, and it is not within the jury's province to determine the legal effect of an unambiguous instrument. The judge correctly disregarded this jury finding.

Our finding that the agreement is not an executory contract for the sale of land is in harmony with the remainder of the jury findings and the court's judgment.

The remainder of Sifuentes' claims under his first point of error are rendered moot as a matter of law in light of our finding that the agreement is not an executory contract for conveyance.[4]

---

4. Sifuentes's reliance on section 5.061 of the Texas Property Code to substantiate his attendant claims is misplaced. Sifuentes urges that the jury's finding that the agreement was an executory contract and that Carrillo failed to give notice of intent to forfeit the $7,000 necessitates a finding that Carrillo violated the DTPA, the Debt Collection Practices Act, and the Consumer Credit Act as a matter of law.

The existence of an executory contract for the sale of land is a necessary precursor to application of section 5.061. The fact that Carrillo

stipulated to certain facts which would be relevant (indeed, dispositive) under section 5.061 if an executory contract for conveyance existed are without consequence in the absence of an executory contract for the sale of land.

Our holding that the agreement was not an executory contract for the sale of land prevents section 5.061 from being invoked and substantiating any claims thereunder. We find that the Tax Code provisions regarding redemption provide the relevant law in this case.

## II. ATTORNEYS' FEES

In his second point of error, Sifuentes argues that the trial court erred in granting Carrillo attorneys' fees because no statutory or contractual basis exists for award of these fees. In response, Carrillo alleges that Sifuentes's claims were frivolous, and that several sources of authority support the grant of attorneys' fees, namely, the DTPA, the Consumer Credit Code section 5069–11.10, chapter 10 of the Texas Civil Practice & Remedies Code, and Rule 13 of the Texas Rules of Civil Procedure.[5] Carrillo did allege in her answer that Sifuentes' suit was not brought in good faith, but did not specifically seek sanctions.

 The trial judge did not identify the grounds he relied on for awarding Carrillo's attorneys' fees. We apply an abuse of discretion standard when reviewing the trial court's conclusions as to whether a suit is groundless or brought in bad faith. *Yazdi v. Republic Ins. Co.*, 935 S.W.2d 875, 879 (Tex. App.—San Antonio 1996, writ denied) (citing *Donwerth v. Preston II Chrysler–Dodge*, 775 S.W.2d 634, 637 (Tex.1989)). We will reverse a trial court based on an abuse of discretion only if the trial court's decision was arbitrary and unreasonable. *Yazdi*, 935 S.W.2d at 879. We view the evidence in the light most favorable to the trial court's ruling and indulge every presumption that would favor the trial court's action. *Id.*

 The record demonstrates that Sifuentes consistently and aggressively resisted Carrillo's attempts to exercise her rights with regard to the property. There were groundless maneuvers such as the denied bankruptcy claim, the numerous vacated restraining orders and denied requests for injunction, and the instant claim of entitlement to property for which he did not redeem according to the statute or the parties' agreement.

Because the record supports the grant of attorneys' fees under the DTPA, it is not necessary to consider other avenues of support for the award. The trial court acted within its discretion in awarding Carrillo attorneys' fees. We overrule Sifuentes's second point of error.

## CONCLUSION

We find that the agreement is unambiguous as a matter of law, and is not an executory contract for the sale of land. It necessarily follows that Carrillo did not run afoul of the DTPA or the prohibited debt collection acts as a matter of law. The trial judge acted in his discretion to award Carrillo attorneys' fees.

We affirm the judgment of the trial court.

---

5. *See* Tex. Bus. & Com.Code Ann. § 17.50(c) (Vernon 1987 & Supp.1998) (awarding attorneys' fees to defendant if action was "groundless in fact or law or brought in bad faith, or brought for the purpose of harassment"); Tex. Fin.Code Ann. § 392.403(c) (Vernon 1998) (entitling defendant to recover attorney's fees upon court finding that action alleging prohibited debt collection acts was brought for purposes of harassment or in bad faith); Tex. Civ. Prac. & rem Code Ann. § 10.004 (Vernon 1987 & Supp.1998) (allowing party who successfully brings motion for sanctions to recover attorneys' fees related to sanctionable pleading, motion, or conduct); Tex.R. Civ. P. 13 (permitting assessment of costs and fees as one form of sanctioning frivolous or bad faith conduct, pleadings, or motions).