No. 04-01-00589-CV



ASI TECHNOLOGIES, INC.,


Appellant



v.



JOHNSON EQUIPMENT COMPANY,


Appellee



From the 37th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CI-11375


Honorable David A. Berchelmann, Jr., Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: March 6, 2002


REVERSED

 In this products liability case, the defendant seller and the defendant manufacturer entered into
a written verdict-sharing settlement agreement. The plaintiff ultimately recovered against the
manufacturer, but not the seller. The seller paid the plaintiff under the agreement, but then turned
around and counter-sued the manufacturer to recover what they had just paid the plaintiff, plus
attorney's fees, citing their statutory indemnity rights.

 Under Texas law though, as well as by Texas usage and custom, a deal is a deal. The seller
enjoyed the security of limited exposure before the verdict. Now it must live by the deal it made. 

Background


 William and Martha Crawford ("the Crawfords") brought a products liability suit against ASI
Technologies, Inc. ("ASI") and Johnson Equipment Company ("Johnson"). William Crawford was
seriously injured by a vertical mounted door manufactured by ASI. Johnson sold and installed the
door. After the Crawfords filed suit, Johnson filed a cross-claim against ASI for common law
indemnity and statutory indemnity under Section 82.002 of the Texas Civil Practice & Remedies
Code. ASI also filed a cross-claim against Johnson for indemnity and contribution.

 During the trial, the parties executed a high-low settlement agreement. Under the terms of
the settlement, ASI and Johnson agreed to pay the Crawfords a maximum of $900,000 and a
minimum of $300,000, depending on the jury's verdict. ASI and Johnson then executed a separate
agreement whereby they apportioned between themselves the amount each would pay under the prior
high-low settlement with the Crawfords. The hand-written agreement was drafted by Johnson's trial
counsel. The agreement stated Johnson would pay $50,000 of the $300,000 minimum or $100,000
of the $900,000 maximum. Johnson would also pay one-fifth of the court costs as well as a specified
portion of damages as pre-judgment interest. The agreement between ASI and Johnson is silent with
respect to the parties cross-claims against each other. 

 The jury returned a verdict in favor of the Crawfords for just over $1 million. The jury found
that the overhead door was defectively designed and marketed by ASI. However, the jury found no
liability on the part of Johnson. Under the high-low settlement agreement, the Crawfords were
entitled to $900,000. Johnson moved for judgment as a matter of law on its cross-claim against ASI
for statutory indemnity pursuant to Section 82.002 of the Texas Civil Practice & Remedies Code.
After a hearing, the trial court entered judgment in favor of Johnson for the amount of $191,744.31.
The amount included $100,000 paid pursuant to the high-low settlement agreement, $87,777.10 in
attorneys' fees and court costs, as well as pre-judgment interest.

 ASI appeals the trial court's judgment in favor of Johnson on Johnson's cross claim for
statutory indemnity. In its sole issue on appeal, ASI argues that the trial court erred in granting
Johnson's motion for judgment requesting statutory indemnity against ASI under Section 82.002 of
the Texas Civil Practice & Remedies Code.

Standard of Review


 "A settlement agreement is a contract, and its construction is governed by legal principles
applicable to contracts generally." Doniz v. McLaughlin, 981 S.W.2d 58, 61 (Tex. App.-San
Antonio 1998, no pet.). "An unambiguous contract is to be construed by a court as a matter of law."
Id. "On appeal, the trial court's legal conclusions are always reviewable, and we are not obligated
to give any particular deference to those conclusions." Sifuentes v. Carrillo, 982 S.W.2d 500, 503
(Tex. App.-San Antonio 1998, pet. denied). "Rather, we are required to undertake an independent
evaluation of the trial court's legal determination." Id. "We will not reverse a trial court's legal
conclusions on appeal unless they are erroneous as a matter of law." Id.

Discussion


 Chapter 82 of the Texas Civil Practice and Remedies Code sets forth a manufacturer's duty
to indemnify in a products liability action.

 "A manufacturer shall indemnify and hold harmless a seller against loss arising out of a
products liability action, except for any loss caused by the seller's negligence, intentional misconduct,
or other act or omission, such as negligently modifying or altering the product, for which the seller
is independently liable." Tex. Civ. Prac. & Rem. Code Ann. § 82.002(a) (Vernon 1997). "For
purposes of this section, 'loss' includes court costs and other reasonable expenses, reasonable
attorney fees, and any reasonable damages." Id. § 82.002(b). "Damages awarded by the trier of fact
shall, on final judgment, be deemed reasonable for purposes of this section." Id. § 82.002(c). "The
duty to indemnify under this section: (1) applies without regard to the manner in which the action is
concluded; and (2) is in addition to any duty to indemnify established by law, contract, or otherwise."
Id. § 82.002(e).

 "In construing a written contract, the court's primary concern is to ascertain the true
intentions of the parties as expressed in the instrument." Sifuentes, 982 S.W.2d at 503. "Toward this
end, we examine and consider the entire writing in an effort to harmonize and give effect to all the
provisions of the contract so that none will be rendered meaningless." Id. at 503-04. "No single
provision taken alone shall be given controlling effect; rather, all the provisions must be considered
with reference to the whole instrument." Id. at 504. "When the parties disagree over the meaning
of an unambiguous contract, the court must determine the parties' intent from the agreement itself,
not from the parties' present interpretation." Doniz, 981 S.W.2d at 62. "In Texas, a writing is
generally construed most strictly against its author and in such a manner as to reach a reasonable
result consistent with the apparent intent of the parties." Lumbermens Mut. Cas. Co. v. Carter, 934
S.W.2d 912, 914 (Tex. App.-Beaumont 1996, no writ). 

 "Under Texas case law, waiver is the intentional relinquishment of a known right or the
intentional conduct inconsistent with claiming that right." Sedona Contracting, Inc. v. Ford , Powell
& Carson, Inc., 995 S.W.2d 192, 195 (Tex. App.-San Antonio 1999, pet. denied). "The elements
of waiver include the following: (1) existing right, benefit, or advantage; (2) actual or constructive
knowledge of its existence; (3) an actual intent to relinquish the right (which can be inferred from the
conduct)." Id. "The key element to waiver is intent." Id. at 196. "In order to establish waiver, the
act must be clear and decisive." Id. "Where the facts are clearly established and undisputed, . . .
waiver become a question of law." Id. at 195.

 ASI argues that Johnson waived its statutory indemnity rights by executing the verdict-sharing
settlement agreement which unconditionally obligated it to pay a portion of the prior high-low
settlement with the Crawfords. ASI contends that allowing Johnson to maintain its statutory
indemnity claim in the face of the settlement agreement would be unconscionable and would render
the agreement meaningless. Johnson argues that the plain language of the agreement does not waive
its claim for statutory indemnity, and that an innocent seller can settle all or part of its claims without,
as a matter of law, waiving its right to statutory indemnity against the manufacturer. Both ASI and
Johnson agree that the verdict-sharing settlement agreement is unambiguous. Therefore, we must
decide, as a matter of law, whether Johnson intended to waive its statutory indemnity rights by
executing the verdict-sharing settlement agreement with ASI. See Doniz, 981 S.W.2d at 61; Sedona
Contracting, Inc., 995 S.W.2d at 196.

 The duty to indemnify under Section 82.002 applies regardless of how the action is concluded.
Tex. Civ. Prac. & Rem. Code Ann. § 82.002(e)(1) (Vernon 1997). Presumably, this section
contemplates settlement agreements between the plaintiff and defendants. Johnson cites several cases
in which the manufacturer and / or seller settled with the plaintiffs, while the innocent seller still
successfully maintained its claim for statutory indemnity. See Meritor Automotive, Inc. v. Ruan
Leasing Co., 44 S.W.3d 86 (Tex. 2001); Graco, Inc. v. CRC, Inc., 47 S.W.3d 742 (Tex. App.-Dallas
2001, pet. denied.); E.I. Dupont de Nemours and Co. v. Bee Agricultural Co., 24 S.W.3d 522 (Tex.
App.-Corpus Christi 2000, no pet.). None of those cases, however, involved the seller entering into
a verdict-sharing settlement agreement with the manufacturer prior to the jury's finding on liability.

 We believe Johnson intentionally waived its right to statutory indemnity by executing the
verdict sharing settlement agreement with ASI. Johnson had an existing right to statutory indemnity
under Section 82.002, and it had actual knowledge of its existence. See Sedona Contracting, Inc.,
995 S.W.2d at 195. The key question becomes whether Johnson intended to knowingly waive its
right. See id. at 196. Although the settlement agreement is silent with respect to Johnson's cross-claim for statutory indemnity, we believe executing the agreement itself is a clear and decisive act
inferring Johnson's intent to relinquish its right to statutory indemnity. See id. at 195. By entering
into the high-low settlement agreement with the Crawfords and the subsequent verdict sharing
settlement agreement with ASI, Johnson chose to forego the possibility that the jury might find it an
innocent seller. Johnson chose to protect itself by agreeing to pay a pre-determined sum to the
Crawfords regardless of the jury's finding as to its liability. Allowing Johnson to come back now and
assert its previous right to statutory indemnity would render the verdict sharing settlement agreement
with ASI meaningless. See Sifuentes, 982 S.W.2d at 503-04. Because Johnson's trial counsel
drafted the agreement, we must strictly construe the agreement against Johnson. See Carter, 934
S.W.2d at 914. As such, Johnson could have easily included a provision in which it reserved its right
to statutory indemnity. But it did not do so. 

 Johnson entered into a contract with ASI in which it must abide. The verdict sharing
settlement agreement is unambiguous, and the parties intent from the agreement itself clearly
evidences Johnson's waiver of its right to statutory indemnity. See Doniz, 981 S.W.2d at 62. We
agree with the Amarillo Court of Appeals:

 "[P]arties to the contract are considered masters of their own choices. They are entitled to
select what terms and provisions to include in a contract before executing it. And, in so choosing,
each is entitled to rely upon the words selected to demarcate their respective obligations and rights.
In short, the parties strike the deal they choose to strike and, thus, voluntarily bind themselves in the
manner they choose." Cross Timbers Oil Co. v. Exxon Corp., 22 S.W.3d 24, 26 (Tex.
App.-Amarillo 2000, no pet.).

 In short, a deal is a deal.

Conclusion


 The trial court's judgment in favor of Johnson on its cross-claim for statutory indemnity is
reversed, and judgment is rendered that Johnson take nothing from ASI. 



 Phil Hardberger, Chief Justice

PUBLISH