ASI TECHNOLOGIES, INC., Appellant,

v.

JOHNSON EQUIPMENT COMPANY,
Appellee.

No. 04–01–00589–CV.

Court of Appeals of Texas,
San Antonio.

March 6, 2002.

Rehearing Overruled April 3, 2002.

Brock C. Akers, Neal D. Kieval, Phillips & Akers, P.C., Houston, for Appellant.

Gerald R. Zwernemann, Timothy B. Soefje, Thorton, Summers, Biechlin, Dunham & Brown, Thomas C. Hall, Hall & Bates, L.L.P., E. Wayne Shuffield, Adami, Goldman & Shuffield, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice and PAUL W. GREEN, Justice.

PHIL HARDBERGER, Chief Justice.

In this products liability case, the defendant seller and the defendant manufacturer entered into a written verdict-sharing settlement agreement. The plaintiff ultimately recovered against the manufacturer, but not the seller. The seller paid the plaintiff under the agreement, but then turned around and counter-sued the manufacturer to recover what they had just paid the plaintiff, plus attorney's fees, citing their statutory indemnity rights.

Under Texas law though, as well as by Texas usage and custom, a deal is a deal. The seller enjoyed the security of limited exposure before the verdict. Now it must live by the deal it made.

### BACKGROUND

William and Martha Crawford ("the Crawfords") brought a products liability suit against ASI Technologies, Inc. ("ASI") and Johnson Equipment Company ("Johnson"). William Crawford was seriously injured by a vertical mounted door manufactured by ASI. Johnson sold and installed the door. After the Crawfords filed suit, Johnson filed a cross-claim against ASI for common law indemnity and statutory indemnity under Section 82.002 of the Texas Civil Practice & Remedies Code. ASI also filed a cross-claim against Johnson for indemnity and contribution.

During the trial, the parties executed a high-low settlement agreement. Under the terms of the settlement, ASI and Johnson agreed to pay the Crawfords a maximum of $900,000 and a minimum of $300,000, depending on the jury's verdict. ASI and Johnson then executed a separate agreement whereby they apportioned between themselves the amount each would pay under the prior high-low settlement with the Crawfords. The hand-written agreement was drafted by Johnson's trial counsel. The agreement stated Johnson would pay $50,000 of the $300,000 minimum or $100,000 of the $900,000 maximum. Johnson would also pay one-fifth of the court costs as well as a specified portion of damages as pre-judgment interest. The agreement between ASI and Johnson is silent with respect to the parties cross-claims against each other.

The jury returned a verdict in favor of the Crawfords for just over $1 million. The jury found that the overhead door was defectively designed and marketed by ASI. However, the jury found no liability on the part of Johnson. Under the high-low settlement agreement, the Crawfords were entitled to $900,000. Johnson moved for judgment as a matter of law on its cross-claim against ASI for statutory indemnity pursuant to Section 82.002 of the Texas Civil Practice & Remedies Code. After a hearing, the trial court entered judgment in favor of Johnson for the amount of $191,744.31. The amount included $100,000 paid pursuant to the high-low settlement agreement, $87,777.10 in attorneys' fees and court costs, as well as pre-judgment interest.

ASI appeals the trial court's judgment in favor of Johnson on Johnson's cross claim for statutory indemnity. In its sole issue on appeal, ASI argues that the trial court erred in granting Johnson's motion for judgment requesting statutory indemnity against ASI under Section 82.002 of the Texas Civil Practice & Remedies Code.

## STANDARD OF REVIEW

"A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally." *Donzis v. McLaughlin*, 981 S.W.2d 58, 61 (Tex.App.-San Antonio 1998, no pet.). "An unambiguous contract is to be construed by a court as a matter of law." *Id.* "On appeal, the trial court's legal conclusions are always reviewable, and we are not obligated to give any particular deference to those conclusions." *Sifuentes v. Carrillo*, 982 S.W.2d 500, 503 (Tex.App.-San Antonio 1998, pet. denied). "Rather, we are required to undertake an independent evaluation of the trial court's legal determination." *Id.* "We will not reverse a trial court's legal conclusions on appeal unless they are erroneous as a matter of law." *Id.*

## DISCUSSION

Chapter 82 of the Texas Civil Practice and Remedies Code sets forth a manufacturer's duty to indemnify in a products liability action.

"A manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable." TEX. CIV. PRAC. & REM.CODE ANN. § 82.002(a) (Vernon 1997). "For purposes of this section, 'loss' includes court costs and other reasonable expenses, reasonable attorney fees, and any reasonable damages." *Id.* § 82.002(b). "Damages awarded by the trier of fact shall, on final judgment, be deemed reasonable for purposes of this section." *Id.* § 82.002(c). "The duty to indemnify under

this section: (1) applies without regard to the manner in which the action is concluded; and (2) is in addition to any duty to indemnify established by law, contract, or otherwise." *Id.* § 82.002(e).

■ "In construing a written contract, the court's primary concern is to ascertain the true intentions of the parties as expressed in the instrument." *Sifuentes,* 982 S.W.2d at 503. "Toward this end, we examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id.* at 503–04. "No single provision taken alone shall be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Id.* at 504. "When the parties disagree over the meaning of an unambiguous contract, the court must determine the parties' intent from the agreement itself, not from the parties' present interpretation." *Donzis,* 981 S.W.2d at 62. "In Texas, a writing is generally construed most strictly against its author and in such a manner as to reach a reasonable result consistent with the apparent intent of the parties." *Lumbermens Mut. Cas. Co. v. Carter,* 934 S.W.2d 912, 914 (Tex.App.-Beaumont 1996, no writ).

■ "Under Texas case law, waiver is the intentional relinquishment of a known right or the intentional conduct inconsistent with claiming that right." *Sedona Contracting, Inc. v. Ford, Powell & Carson, Inc.,* 995 S.W.2d 192, 195 (Tex. App.-San Antonio 1999, pet. denied). "The elements of waiver include the following: (1) existing right, benefit, or advantage; (2) actual or constructive knowledge of its existence; (3) an actual intent to relinquish the right (which can be inferred from the conduct)." *Id.* "The key element to waiver is intent." *Id.* at 196. "In order to estab-

lish waiver, the act must be clear and decisive." *Id.* "Where the facts are clearly established and undisputed, ... waiver become a question of law." *Id.* at 195.

■ ASI argues that Johnson waived its statutory indemnity rights by executing the verdict-sharing settlement agreement which unconditionally obligated it to pay a portion of the prior high-low settlement with the Crawfords. ASI contends that allowing Johnson to maintain its statutory indemnity claim in the face of the settlement agreement would be unconscionable and would render the agreement meaningless. Johnson argues that the plain language of the agreement does not waive its claim for statutory indemnity, and that an innocent seller can settle all or part of its claims without, as a matter of law, waiving its right to statutory indemnity against the manufacturer. Both ASI and Johnson agree that the verdict-sharing settlement agreement is unambiguous. Therefore, we must decide, as a matter of law, whether Johnson intended to waive its statutory indemnity rights by executing the verdict-sharing settlement agreement with ASI. *See Donzis,* 981 S.W.2d at 61; *Sedona Contracting, Inc.,* 995 S.W.2d at 196.

The duty to indemnify under Section 82.002 applies regardless of how the action is concluded. Tex. Civ. Prac. & Rem.Code Ann. § 82.002(e)(1) (Vernon 1997). Presumably, this section contemplates settlement agreements between the plaintiff and defendants. Johnson cites several cases in which the manufacturer and / or seller settled with the plaintiffs, while the innocent seller still successfully maintained its claim for statutory indemnity. *See Meritor Automotive, Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86 (Tex.2001); *Graco, Inc. v. CRC, Inc.,* 47 S.W.3d 742 (Tex.App.-Dallas 2001, pet. denied.); *E.I. Du Pont De Nemours and Co. v. Bee Agricultural Co.,* 24 S.W.3d 522 (Tex.App.-Corpus Christi 2000,

no pet.). None of those cases, however, involved the seller entering into a verdict-sharing settlement agreement with the manufacturer prior to the jury's finding on liability.

We believe Johnson intentionally waived its right to statutory indemnity by executing the verdict sharing settlement agreement with ASI. Johnson had an existing right to statutory indemnity under Section 82.002, and it had actual knowledge of its existence. *See Sedona Contracting, Inc.,* 995 S.W.2d at 195. The key question becomes whether Johnson intended to knowingly waive its right. *See id.* at 196. Although the settlement agreement is silent with respect to Johnson's cross-claim for statutory indemnity, we believe executing the agreement itself is a clear and decisive act inferring Johnson's intent to relinquish its right to statutory indemnity. *See id.* at 195. By entering into the high-low settlement agreement with the Crawfords and the subsequent verdict sharing settlement agreement with ASI, Johnson chose to forego the possibility that the jury might find it an innocent seller. Johnson chose to protect itself by agreeing to pay a predetermined sum to the Crawfords regardless of the jury's finding as to its liability. Allowing Johnson to come back now and assert its previous right to statutory indemnity would render the verdict sharing settlement agreement with ASI meaningless. *See Sifuentes,* 982 S.W.2d at 503–04. Because Johnson's trial counsel drafted the agreement, we must strictly construe the agreement against Johnson. *See Carter,* 934 S.W.2d at 914. As such, Johnson could have easily included a provision in which it reserved its right to statutory indemnity. But it did not do so.

Johnson entered into a contract with ASI in which it must abide. The verdict sharing settlement agreement is unambiguous, and the parties intent from the agreement itself clearly evidences Johnson's waiver of its right to statutory indemnity. *See Donzis,* 981 S.W.2d at 62. We agree with the Amarillo Court of Appeals:

"[P]arties to the contract are considered masters of their own choices. They are entitled to select what terms and provisions to include in a contract before executing it. And, in so choosing, each is entitled to rely upon the words selected to demarcate their respective obligations and rights. In short, the parties strike the deal they choose to strike and, thus, voluntarily bind themselves in the manner they choose." *Cross Timbers Oil Co. v. Exxon Corp.,* 22 S.W.3d 24, 26 (Tex.App.-Amarillo 2000, no pet.).

In short, a deal is a deal.

### CONCLUSION

The trial court's judgment in favor of Johnson on its cross-claim for statutory indemnity is reversed, and judgment is rendered that Johnson take nothing from ASI.