No. 04-01-00270-CV



THE CLEVELAND TRENCHER COMPANY, INC.,


Appellant



v.



TRANSTEXAS TRANSMISSION COMPANY,


Appellee



From the 79th Judicial District Court, Jim Wells County, Texas


Trial Court No. 97-10-36107


Honorable Terry A. Canales, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: September 30, 2002


AFFIRMED IN PART; REVERSED AND RENDERED IN PART

 The Cleveland Trencher Company, Inc. ("Cleveland Trencher") appeals the trial court's
judgment entered in favor of TransTexas Transmission Company ("TransTexas"). Cleveland Trencher
asserts that, because the settlement agreement between the parties is ambiguous, the trial court erred
in interpreting the agreement as a matter of law. Cleveland Trencher further maintains the trial court
erred in awarding money damages because the proper measure of damages is "in parts." The trial
court's judgment is affirmed in part and reversed and rendered in part. 

Factual and Procedural History

 In October of 1993, Cleveland Trencher leased trenching equipment to TransTexas to trench
for a natural gas pipeline to be laid across multiple Texas counties. After TransTexas began
experiencing difficulties with the trenching equipment, it filed suit against Cleveland Trencher alleging
breach of contract and breach of warranty and seeking a declaratory judgment of the parties' rights
and status under the lease agreement. 

 The district court referred the parties to mediation, and following mediation, the parties
reached a settlement agreement. The agreement provides:

 This case is settled. Defendant will pay plaintiff $68,500.00 in parts from the
Cleveland Trencher Company Inc. catalog of parts. The $68,500.00 will be valued by
discounting Defendant's current list price to dealer by 30%. In the alternative Plaintiff
has the option to purchase a 7036 HD, brand new, Cleveland Trencher for
$200,000.00 cash which will include $10,000.00 in parts from Cleveland Trencher
catalog without additional costs. Parts will be ordered or option exercised within 90
days of this date and upon full execution of parts order or purchase of Trencher
mutual releases will be exchanged and case dismissed with prejudice. This is a rule 11
agreement under the Texas Rules of Civil Procedure and may be filed by either party.


 On March 5, 1997, TransTexas submitted a letter to Cleveland Trencher ordering parts. In
response, Cleveland Trencher sent TransTexas a proforma invoice, discounting 30% of the total
order. On May 7, 1997, TransTexas submitted a Joint Motion for Dismissal with Prejudice to the
trial court, which the trial court granted on May 9, 1997. After the litigation was dismissed,
TransTexas notified Cleveland Trencher that it disagreed with Cleveland Trencher's interpretation
of the settlement agreement and demanded that Cleveland Trencher deliver parts, rather than giving
TransTexas a discount from the total cost of parts purchased, according to the agreement.

 The parties were unable to agree on an interpretation of the settlement agreement, and
TransTexas filed suit against Cleveland Trencher alleging breach of the settlement agreement and
fraud. In response, Cleveland Trencher claimed the contract was ambiguous and sought declaratory
relief. 

 Trial was before the court, and the parties stipulated to many of the facts. Ultimately, the trial
court determined that the settlement agreement was unambiguous and thus, interpreted it as a matter
of law. The court found that Cleveland Trencher was to pay TransTexas $68,500.00 in parts. In its
judgment, the trial court ordered TransTexas recover $68,500.00 in money damages from Cleveland
Trencher. Cleveland Trencher appeals. 

Contractual Ambiguity

 A settlement agreement is a contract, and thus, its construction is governed by legal principles
generally applicable to contracts. Donzis v. McLaughlin, 981 S.W.2d 58, 61 (Tex. App.-San Antonio
1998, no pet.); Nuno v. Pulido, 946 S.W.2d 448, 451 (Tex. App.-Corpus Christi 1997, no writ); Old
Republic Ins. Co. v. Fuller, 919 S.W.2d 726, 728 (Tex. App.-Texarkana 1996, writ denied).
Whether a contract is ambiguous is a question of law. Coker v. Coker, 650 S.W.2d 391, 393-94
(Tex.1983). To make such a determination, a court views the entire contract in light of the
circumstances present when the contract was entered into. Id. A contract is ambiguous if its meaning
is uncertain or doubtful or it is reasonably susceptible to more than one meaning. Id. An unambiguous
contract is one that can be ascribed a definite legal meaning or interpretation and is to be construed
by a court as a matter of law. Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 861 (Tex.
2000); Coker, 650 S.W.2d at 393-94; Sifuentes v. Carrillo, 982 S.W.2d 500, 504 (Tex. App.-San
Antonio 1998, pet. denied); Ortega-Carter v. American Intern. Adjustment Co., 834 S.W.2d 439,
442 (Tex. App.-Dallas 1992, writ denied). 

 The parties' dispute here centers on two sentences of the settlement agreement-"Defendant
will pay plaintiff $68,500.00 in parts from the Cleveland Trencher Company Inc. catalog of parts. The
$68,500.00 will be valued by discounting Defendant's current list price to dealer by 30%." Cleveland
Trencher contends both its own interpretation of the settlement agreement and that of TransTexas
are reasonable. Specifically, Cleveland Trencher maintains:

 Certainly, a trier of fact could reasonably conclude that the stated language obligated
Cleveland Trencher to furnish $68,500.00 in parts to TransTexas upon request, as
TransTexas suggests. However, Cleveland Trencher's understanding that the
settlement required it to provide a 30% discount on a future TransTexas Order (or
orders) until the $68,500.00 credit was consumed is also reasonable.

 We disagree with Cleveland Trencher's assertion. The provision unambiguously requires
Cleveland Trencher to pay TransTexas "in parts." The language indicating how the $68,500.00 will
be valued sets forth the manner in which the cost of each particular part should be calculated. There
is no provision in the agreement authorizing Cleveland Trencher to pay TransTexas in the form of
discounts from orders. 

 The remainder of the agreement also indicates that Cleveland Trencher is required to pay
TransTexas in parts. The language offering TransTexas the alternative option to purchase a new
trencher, rather than receive payment in the form of parts, makes clear that Cleveland Trencher, under
the agreement, was required to pay TransTexas in parts or allow Cleveland Trencher to purchase a
new trencher at a specified price. 

 We hold that the settlement agreement is unambiguous and that the trial court did not err in
interpreting the settlement agreement as a matter of law. Cleveland Trencher's first issue is overruled.

Damages

 In its second issue, Cleveland Trencher argues the trial court erred by awarding monetary
damages to TransTexas, rather than awarding damages "in parts" as provided for in the agreement.
We agree. We enforce an unambiguous agreement as written. Heritage Resources, Inc. v.
NationsBank, 939 S.W.2d 118, 121 (Tex. 1996); Sun Oil Co. v. Madeley, 626 S.W.2d 726, 727-28
(Tex.1981); Birnbaum v. Swepi LP, 48 S.W.3d 254, 257 (Tex. App.-San Antonio 2001, pet. denied);
Because the agreement here is unambiguous, the trial court erred in awarding damages in any form
other than that provided for in the agreement- payment "in parts."

Conclusion

 We hold that because the settlement agreement unambiguously required Cleveland Trencher
to pay TransTexas "in parts," the trial court erred in awarding TransTexas money damages.
Accordingly, the trial court's judgment interpreting the contract as a matter of law is affirmed.
However, the trial court's judgment awarding TransTexas money damages is reversed, and we render
judgment that TransTexas recover from Cleveland Trencher $68,500.00 in parts. 

 

 Karen Angelini, Justice


DO NOT PUBLISH