THE TEXAS & PACIFIC RAILWAY COMPANY V. MRS.
O. M. WOOD ET AL.

No. A-1053. Decided February 12, 1947.
Rehearing overruled March 12, 1947.
(199 S. W., 2d Series, 652.)

*J. T. Suggs, D. L. Case* and *Robertson, Leachman, Payne, Gardere & Lancaster,* all of Dallas, *Hill D. Hudson,* of Pecos, *Black & Stayton* and *Chas. L. Black,* all of Austin, for petitioner.

A change of venue should have been granted in this case because venue did not lie in Crane under that part of section 25, of Article 1995, relied upon by plaintiff because two of the parties plaintiff (the father and mother of deceased) are admittedly residents of Texas. Lindheim & Bro. v. Muschamp, 72 Texas 33, 12 S. W. 125; Kennedy & Gafford v. Reppond, 226 S. W. 140; Thomason v. Starkman, 55 S. W. (2d) 871.

*John J. Watts,* of Odessa, *Critz, Kuykendall, Bauknight, Mann & Stevenson,* of Austin, for respondents.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

Mrs. Ollie M. Wood, surviving wife of Ollie M. Wood, deceased, for herself, as administratrix of the estate of her deceased husband, and as next friend for her minor son, as plaintiff sued the Texas & Pacific Railway Company in the district court of Crane County, Texas, for damages for the alleged wrongful death of her husband. She made his surviving par-

ents, who were residents of Martin County, Texas, parties defendant, alleging that her husband had not contributed to their support and hence his parents had no cause of action as plaintiffs; and further that all statutory beneficiaries had been made parties to the suit. The railway company by a timely plea asserted its privilege to be sued in Dallas County, Texas, where its principal office was located. This plea was controverted by Mrs. Ollie M. Wood, who alleged that she was a nonresident of Texas and that venue was properly laid in Crane County under Section 25, Art. 1995, R. S., which among other things provides, as an exception to the general statute giving defendants the privilege of being sued in the county of their domicile, that: "If the plaintiff is a non-resident of this State, then such suit may be brought in any county in which the defendant corporation may run or operate its railroad, or have an agent."

A jury was demanded on the venue issues, which the parties agreed might be tried along with the suit upon its merits. The cause came on to be heard in November, 1945, and was submitted upon special issues to a jury which was unable to agree. No issues were submitted as to the venue facts, but Mrs. Ollie M. Wood requested the submission of the issue of her nonresidence, which the court refused.

Upon trial of the plea of privilege (tried, as has been indicated, along with the cause upon the merits), the father of the deceased husband stated in his testimony that he did not then nor afterwards intend to assert any claim against the railway company for the death of his son, and Ollie M. Wood's mother testified that she did not make any claim for damages on account of her son's death.

In this state of the record, on February 19, 1946, the district court granted plaintiff's motion to overrule the plea of privilege, from which order the railway company appealed to the Honorable Court of Civil Appeals at El Paso, which in a tentative opinion concluded that the plea of privilege was properly overruled but has certified the following questions:

"1. Did the fact that the surviving parents of the deceased Wood were made parties defendant by plaintiff and were each residents of the State of Texas on the date plaintiff filed her suit entitle defendant railway company as a matter of law to a change of venue to the county of its residence?

"2. Were we correct in holding that judicial notice could be

taken of the fact that at the relevant time part of defendant's railroad was operated through Crane County?

"3. Did defendant waive its plea of privilege by proceeding with the trial on the merits without objection to the failure to submit an issue as to nonresidence of plaintiff on the date of filing her suit?

"3(a). If Question No. 1 be answered in the affirmative, then did defendant waive its plea of privilege by proceeding to trial on the merits without objection?"

We conclude the answers to Questions Nos. 1, 3, and 3(a) should be "No," and to Question No. 2 "Yes."

Question No. 1 inferentially assumes that the plaintiff was a nonresident of Texas, and this discussion proceeds upon that assumption.

Our present-day version of Lord Campbell's Act, also frequently called the "Death Statute," (originally passed in England in 1846 and first enacted in Texas in 1860) provides in part that:

"Actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been caused or by either of them for the benefit of all." Art. 4675, R. S., 1925, as amended.

■■ The statute gives the right of action to all the persons within the classes named to recover one sum. That sum must be apportioned among those persons according to their several rights, but under the statute there can be but one action. San Antonio & A. P. Ry. Co. v. Mertink, 101 Texas 165, 105 S. W. 485. Necessarily the mother and father of Ollie M. Wood potentially occupied the same position and bore the same relation toward the railway company as his surviving wife and son, all being within those classes to whom the statute gives a right of action for Ollie M. Wood's death if wrongful. And we have no difficulty in concluding that the mother and father of the deceased, although nominally defendants, should be arranged as parties plaintiff and the venue question considered with the parties so aligned.

But it does not follow that venue should be controlled by the presence before the court of parties if they have no interest in

the suit. To the contrary, if the pleadings and proof demonstrate that the mother and father of the deceased had no cause of action against the railway company, their presence should not be given controlling effect upon the question of venue. As has been pointed out, the plaintiff averred that neither her mother-in-law nor her father-in-law had a cause of action against the railway company. While the pleading mistakenly ascribes an evidentiary and not a controlling circumstances as the reason for the assertion that the parents had no cause of action, namely, the circumstance that the plaintiff's husband had not contributed to his parents' support, still the petition did fairly give notice to the railway company that it was the plaintiff's position that the mother and father had no cause of action. Upon the hearing of the plea of privilege, the mother and father testified unequivocally that they did not assert any cause of action against the railway company. While it is true that there was substantial evidence in the record which, in the absence of these admissions, would have supported an award of damages to the mother and father, still these admissions by the parents of the deceased would have effectively precluded them from recovering anything. As was said in Southern Surety Co. v. Inabnit (Tex. Civ. App.), 1 S. W. (2d) 412, 415:

"The testimony of a party to a suit and admissions made by him must be construed as binding upon him, and not merely as raising issues of fact. His testimony is governed by different rules to those governing witnesses who are not parties."

See also note, 80 A. L. R. 624.

The mother and father of the deceased filed no pleadings. Their admissions from the witness stand have been noted. Under all the circumstances, it must be concluded that the plaintiff pleaded and established that the mother and father of the de-deceased had no interest in the suit.

The rules as to necessary parties in actions under the "Death Statute" which are regarded as pertinent here are thus stated in Cobb Brick Co. v. Lindsay (Tex. Civ. App.), 277 S. W. 1107, 1112—language which was expressly approved in Greathouse v. Fort Worth & D. C. Ry. Co. (Tex. Com. App.), 65 S. W. (2d) 762:

"The Supreme Court and the several Courts of Civil Appeals have by numerous decisions held that a parent is a beneficiary of the damages claimed under the provisions of the death stat-

ute, and a necessary party to a suit to recover them, and that, where it appears from the record that a parent is not made a party, the judgment cannot stand; the error going to the very foundation of the action. (Citing cases.) *An equally well established rule to the one requiring that a father, having a statutory interest by reason of the wrongful act, be made a party to the suit for damages, is one holding that where the petition for such damages alleges, and the proof shows, that he has no interest in the suit, no useful purpose can be subserved by making him a party.* (Citing cases.)" (Emphasis supplied.)

See also Dallas & W. R . R . Co. v. Spiker, 59 Texas 435.

Upon an application of these principles to the circumstances, before us, we conclude that the presence of the mother and father of deceased, residents of Martin County, Texas, even be they aligned as parties plaintiff, did not as a matter of law entitle the railway company to have its plea of privilege sustained.

The railway company points out the rule stated in Ogburn-Dalchau Lumber Co. v. Taylor, 59 Texas Civ. App. 442, 126 S. W. 48, 50, that:

"If at the time this suit was instituted the appellee held the lien which he here asserts, then the jurisdiction of the court propertly attached and would not be devested by the subsequent loss or abandonment of the lien in changing the form of the action."

It also calls attention to the great value of the right to be sued in one's own domicile and points out that this right must not be defeated by any evasion or artifice contrived for that purpose. Pool v. Pickett, 8 Texas 122. No violence is done these principles by the conclusions we have reached. The plaintiff had alleged in her petition, as we have taken pains to show, that her husband's mother and father had no cause of action against the defendant company. By reference she made the petition a part of her affidavit controverting the defendant's plea of privilege. She pursued the allegations she had originally tendered and established them. There was no shifting of position by the plaintiff in an effort to defeat the plea of privilege after it had been filed. No improper evasion or avoidance on her part to hold venue in Crane County was shown as a matter of law.

■ As to the second question, we conclude the Court of Civil Appeals was correct in holding that judicial notice can be taken

of the fact that the defendant railway company at the relevant time operated its railroad through Crane County. The rule, thus stated in Miller & Co. v. Texas & N. O. Ry. Co., 83 Texas 518, 520, 18 S. W. 954, is well settled:

"There are certain facts, however,. which may be judicially noticed by the courts because of their public notoriety and indisputable existence. Railways are public highways, and it is a matter of history that important lines of railways once established have remained as fixed and permanent in their course as the rivers themselves. Their locality becomes so notorious and indisputable that the courts will take notice thereof." See also McCormick & Ray, Texas Law of Evidence, sec. 100.

Accordingly, Question No. 2 has been answered "Yes."

■ Questions Nos. 3 and 3(a) will be considered together. We conclude that the railway company did not waive its plea of privilege by proceeding to trial on the merits without objection, nor was there any waiver because the company did not object to the court's failure to submit an issue as to the nonresidence of the plaintiff.

The record shows that the parties agreed that the plea of privilege and the cause on its merits might be tried together. Conceivably this arrangement might greatly expedite the proceedings and so benefit all parties by settling the interlocutory venue question and the case on its merits in one trial and on one appeal instead of having separate trials and appeals of the two matters. If the parties wished to try to expedite the proceedings in this way, we would not feel at all warranted in penalizing either by imposing a waiver upon him for having made the arrangement.

It is admittedly true that a defendant can waive his privilege to be sued in his own domicile, as, for example, when he has prevailed upon the trial court to enter an order sustaining that right but later disregards the order and litigates the case to final judgment in the foreign forum. Frosh v. Holmes, 8 Texas 29. A somewhat similar waiver is considered in Hosmer v. New York Buyers' Ass'n (Tex. Civ. App.), 258 S. W. 853 (error refused). But no such a situation obtains here. The defendant company disregarded no order in its favor on the issue of venue. A waiver has been frequently defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it. 67 C. J. 288. We are unable to discern how it

would be fairly said that the defendant company intended to surrender its right to be sued in its own domicile or conducted itself inconsistently with the continued assertion of that right (assuming it otherwise existed) by simply agreeing to proceed with the trial of the venue issues and the cause on its merits together.

As to the waiver sought to be imposed upon the railway company for failing to request submission to the jury of the controverted matter of the plaintiff's nonresidence, this issue was duly requested by the plaintiff and its submission improperly refused. The burden of proof upon the trial of the issues joined by the plea of privilege and the controverting affidavit was upon plaintiff. Newlin v. Smith, 136 Texas 260, 150 S. W. (2d) 233. Her nonresidence was her own issue. No duty devolved upon the defendant company to request its submission. Nor was the company bound to except to the court's refusal to submit it. So to require would in effect cast upon the defendant company the duty of assisting the plaintiff in establishing her venue facts, one of the chief of which was that of her nonresidence. This would obviously be intolerable. We conclude the railway company waived nothing by not objecting to the failure of the court to submit this issue.

Accordingly, Questions Nos. 3 and 3(a) have been answered "No."

Opinion delivered February 12, 1947.

Rehearing overruled March 12, 1947.

Note: For opinion of Court of Civil Appeals, conforming to this opinion see 203 S. W. (2d) 994.