**FIRST NATIONAL BANK OF MARSHALL, TEXAS, Appellant,**

v.

**TEXAS FOUNDRIES, INC., et al., Appellees.**

**No. 7588.**

Court of Civil Appeals of Texas, Beaumont.

June 13, 1974.

Ernest F. Smith, Marshall, for appellant.

Zeleskey, Cornelis, Rogers, Berry & Hallmark, Lufkin, for appellees.

DIES, Chief Justice.

Plaintiff, Texas Foundries, Inc., brought suit on a sworn account against the First National Bank of Marshall, Texas, and two other defendants. Bank filed a plea of privilege to be sued in Harrison County, its place of residence, which was overruled, and from which it perfects this appeal. 12 U.S.C.A. § 94 (National Bank Act), reads:

"Venue of suits

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Our Texas Supreme Court in Langdeau v. Republic National Bank of Dallas, 161 Tex. 349, 341 S.W.2d 161 (1960), held that national banks were not immune from suit in any other county from where they were located. The Supreme Court of the United States in Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), disagreed holding that suit could only be brought in the county where the bank is located. Following this decision, the Texas Supreme Court set aside its former judgment. See Langdeau v. Republic National Bank of Dallas, 365 S.W.2d 783 (Tex.1963). Also, Richter v. Plains National Bank of Lubbock, 440 S.W.2d 76 (Tex.Civ.App., Fort Worth, 1969, error dism.).

Plaintiff argues that Bank waived its privilege by judicially admitting plaintiff's cause of action in Angelina County, in that Bank failed to file a sworn denial as required by Rule 93, Texas Rules of Civil Procedure; that Rule 86 provides "that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea."

We construe that part of Rule 86 to have application only as to the amount

of proof plaintiff would be required to make in order to prove its venue facts, and to have no application to defendant's answer on the merits. We hold that the failure to deny the account under oath was not a waiver of defendant's federally guaranteed right to be sued in the county of its domicile.

■ Bank's plea of privilege was more than a pleading; it constituted prima facie proof of its right to be sued in Harrison County. See cases cited in 59 Tex.Jur.2d, Venue, § 139, at 568; § 141 at 571. It is only after a determination of the plea of privilege that Bank is required to file any other pleading. Benson v. Fulmore, 269 S. W. 71, 72 (Tex.Com.App.1925, judgment adopted).

"We think the present plea of privilege law supersedes other laws and rules of order of pleading so far as they affect the plea of privilege, *and that, after a defendant has been properly cited, he is next entitled to have his plea of privilege determined before he is required to file any other pleadings.*" (emphasis supplied)

See also, Kirk v. Harrington, 255 S.W.2d 557, 561 (Tex.Civ.App., Fort Worth, 1943, no writ).

■ Further, we do not find plaintiff's argument of waiver persuasive in this case wherein venue is governed by an Act of Congress which has been construed definitively by the United States Supreme Court. The defendant Bank claimed its federally guaranteed right to be sued in the county of its domicile by filing a timely plea of privilege. Thereafter, its rights were governed by the federal statute, not by the Texas Rules of Civil Procedure.

In a venue case, Texas & P. Ry. Co. v. Wood, 145 Tex. 534, 540, 199 S.W.2d 652, 656 (1947), the Court said: "A waiver has been frequently defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it." We say, as did the Supreme Court in *Wood,* supra, "We are unable to discern how it would be fairly said that the defendant company intended to surrender its right to be sued in its own domicile or conducted itself inconsistently with the continued assertion of that right . . . ." We are not here dealing with the intricacies of state practice but are in a field preempted by the Congress.

Having filed its plea of privilege, the Bank came within this language taken from *Langdeau,* supra:

"The phrase 'suits . . . may he had' was, in every respect, appropriate language for the purpose of specifying the *precise courts* in which Congress consented to have national banks subject to suit and we believe Congress intended that *in those courts alone* could a national bank be sued against its will." (371 U.S. at 560, 83 S.Ct. at 523, 9 L.Ed.2d at 527, emphasis supplied)

As said by Judge Friendly in Bruns, Nordeman & Co. v. American National Bank & Trust Co., 394 F.2d 300, 303 (2d Cir.), 10 A.L.R.Fed. 932 (1968):

"The Supreme Court has emphatically held that where Congress has dealt with a particular venue problem—here actions against national banks—broader language in a general venue statute will not overcome this even though literally applicable."

Since venue of this action, insofar as it relates to the defendant Bank, was fixed by the Act of Congress, and not the Texas Rules of Civil Procedure, the trial court erred in overruling Bank's plea of privilege to be sued in the county of its domicile.

The order overruling the plea of privilege is reversed and the cause is remanded to the trial court with instructions to transfer the cause as to the Bank to the district court of Harrison County, Texas.

Reversed and remanded with instructions.