The FIRST NATIONAL BANK OF MIDLAND, Texas, Appellant,

v.

STOUTCO, INC., et al., Appellees.

No. 15452.

Court of Civil Appeals of Texas, San Antonio.

Nov. 12, 1975.

Rehearing Denied Dec. 17, 1975.

William R. Simcock, R. Laurence Macon, Cox, Smith, Smith, Hale & Guenther, San Antonio, Charles C. Aldridge, Ken W. Nordeman, Tom C. McCall, Lynch, Chappell, Allday & Aldridge, Midland, for appellant.

James N. Martin, Richard C. Danysh, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, a national bank located in Midland County, Texas, has perfected its appeal from an order overruling its plea of privilege in appellees' suit to recover damages for wrongful garnishment of its bank accounts in the Brooks Field National Bank located in Bexar County, Texas. The question presented is whether appellant waived its mandatory right under 12 U.S.C. Sec. 94[1] to be sued in the county in which said national bank is located.

On October 4, 1973, appellant filed Cause No. 26065 in the 142nd Judicial District Court of Midland County seeking to recover on a debt allegedly owed by appellees, Stoutco, Inc., et al. On the same date, Bank filed Cause No. 26067 in said 142nd Judicial District Court wherein it sought a writ of garnishment from the Brooks Field National Bank. Appellant filed a bond with Western Surety Company as surety, and, on the same date, a writ of garnishment was issued by the District Clerk of Midland County. This writ was mailed by the District Clerk to the Sheriff of Bexar County and served on the Brooks Field National Bank on October 9, 1973. Brooks Field National Bank filed an answer wherein it admitted that it was indebted to appellees in the following amounts: Stoutco, Inc.—$2,193.25; Stoutco Mfg. Corp.—$4,931.29; and to Eugene Stout and wife Audie Mae Stout—$4,289.38. On February 27, 1974, the funds were ordered released by the Midland District Court on motion of appellant and a non-suit was taken in Cause No. 26065.

Appellees filed this suit in Bexar County on December 11, 1974, wherein they sought damages against appellant and its surety for the alleged wrongful garnishment of their bank accounts. Appellant timely filed its plea of privilege and asserted its right to be sued in Midland County under the federal statute. Appellees controverted and urged that venue was maintainable in Bexar County under Article 1995, Subdivision 23, Tex.Rev.Civ.Stat.Ann. (1964), in that the cause of action or a part thereof arose in Bexar County. They further alleged that any mandatory right of appellant was waived by appellant's acts in causing the accounts in Bexar County to be wrongfully frozen. The trial court overruled appellant's plea of privilege after a non-jury hearing.

The United States Supreme Court in *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), after an analysis of the legislative history of the statute, held that the provisions of 12 U.S.C. Sec. 94 are mandatory and overrule any conflicting state venue statutes. This case involved the plaintiff's right to join a

1. 12 U.S.C. Sec. 94, provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court in the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

national bank in a liquidation suit brought in Travis County as authorized by Texas venue statutes. The bank had sought to change the venue as to it to Dallas County under the authority of Sec. 94. The Supreme Court of Texas concluded that the federal statute was permissive only and held that venue could be maintained in Travis County under the Texas venue statute. The Supreme Court of the United States pointed out in its opinion that prior to the adoption of this section by the 1864 amendment to the National Banking Act, there might be grave doubt as to the suability of national banks in the state courts. Accordingly, it was reasoned that the phrase "suits . . . may be had" was, in every respect, appropriate language for the purpose of specifying the precise courts in which Congress consented to have national banks subject to suit, and Congress intended that in those courts alone could a national bank be sued against its will. It was therefore held that Sec. 94 must be given a mandatory reading.

■ Appellees concede that the federal statute gives national banking associations, such as appellant, a mandatory right to be sued in the County or District Court of its residence, but that such right was waived by appellant. The doctrine of waiver of the statutory venue right was first enunciated in *First National Bank of Charlotte v. Morgan*, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889) wherein it was held that the bank had waived its personal privilege by appearing and making defense of a suit without claiming the immunity in the trial court. Under this waiver doctrine, it has been held that if the national bank seeks to enforce obligations which are due it through the use of non-resident courts or self-help repossession laws, it may be subject to countersuit in the non-resident county for matters arising out of that transaction. See *Fort Worth National Bank v. Stiff*, 482 S.W.2d 337 (Tex.Civ.App.—Eastland), *cert. denied*, 410 U.S. 932, 93 S.Ct. 1375, 35 L.Ed.2d 594 (1972); *Reaves v. Bank of America*, 352 F.Supp. 745 (S.D.Cal.1973); *Lichtenfels v.*

*North Carolina National Bank*, 260 N.C. 146, 132 S.E.2d 360 (1963); *Michigan National Bank v. Superior Court*, 23 Cal. App.3d 1, 99 Cal.Rptr. 823 (1972); *Okeechobee County v. Florida National Bank*, 112 Fla. 309, 150 So. 124 (1933).

The self-help doctrine was followed by the Fort Worth Court of Civil Appeals in *Texas Commerce Bank National Association v. Tripp*, 516 S.W.2d 256 (Tex.Civ.App. —Fort Worth 1974, writ granted), wherein it was held that the national bank had waived its venue right. This suit, to recover damages for wrongful garnishment, was based on a prejudgment writ of garnishment which was obtained from the District Court in Lubbock County and hand-carried to Wise County by the defendant bank's attorney. The writ was then served upon Tripp's bank in Wise County by the Wise County Sheriff. The court held that the Lubbock bank had waived its venue rights under Sec. 94 in that it had "tied up the funds in Wise County, Texas, by personally coming to the county and delivering the citation to the sheriff for service, thus invoking the sheriff's services as an officer of the court in Wise County." The case became moot before the Supreme Court passed upon Bank's application for writ of error; accordingly, the Supreme Court set aside the judgments of the trial court and the Court of Civil Appeals "without passing on the merits." See 18 Tex.Sup.Ct.J. 278 (April 12, 1975). This case is therefore without precedential value.

■ It has been held that "waiver" requires an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it. See *Texas & P. Ry. Co. v. Wood*, 145 Tex. 534, 199 S.W.2d 652 (1947); *First National Bank of Marshall v. Texas Foundries, Inc.*, 512 S.W.2d 690 (Tex.Civ.App.—Beaumont, 1974, no writ).

■ We do not believe that appellant's act in obtaining a writ of garnishment in Midland County, which resulted in freezing appellees' bank accounts in Bexar County,

constituted a waiver of the mandatory venue rights granted by Congress under Sec. 94. Appellant did not file any proceeding in the Courts of Bexar County; nor did the appellant commit any acts evidencing an intent to relinquish its venue right. The record would probably support a finding that a part of the cause of action arose in Bexar County within the meaning of Subdivision 23 of Article 1995, Tex.Rev.Civ.Stat. Ann. (1964). Nevertheless, the provisions of Sec. 94 are mandatory and overrule conflicting state venue statutes. Otherwise the congressional enactment permitting suit to be brought in the bank's home county could become largely meaningless.

We conclude that appellant has not waived its mandatory right to be sued in the county of its residence. The judgment of the trial court overruling appellant's plea of privilege is overruled and the cause is remanded to the trial court with instructions to transfer the cause of action against appellant to Midland County.