UNIVERSITY NATIONAL BANK,
Appellant,

v.

Marie MacFARLAND, Appellee.

No. 16761.

Court of Appeals of Texas,
San Antonio.

May 26, 1982.

---

Wm. T. Armstrong, III, Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellant.

Julio A. Garcia, Garcia & Gonzalez, Laredo, for appellee.

Before KLINGEMAN, BUTTS and CLARK, JJ.

## OPINION

BUTTS, Justice.

This is a venue case. Plaintiff Marie MacFarland brought suit for conversion in Webb County, Texas, against defendant University National Bank. The Bank filed its plea of privilege to be sued as a national bank in the county of its residence, Bexar County, pursuant to the provisions of 12 U.S.C.A. § 94.[1] We reverse the order denying the plea of privilege.

MacFarland's 1979 Lincoln Mark V automobile was repossessed by the lienholder Bank in April 1979, less than four months after its purchase. Plaintiff testified at the venue hearing her payments were current at the time of the taking by agents of the Bank. Her conversion action rested upon wrongful taking by the lienholder Bank.

Plaintiff, in her controverting affidavit, relied upon Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 23 (Vernon 1964)[2] to forestall the application of the general rule that suit must be brought in the county of the residence of the defendant.

An officer of the Bank testified the Bank had only one headquarters location and possessed no branch offices in Webb or any other county. Proof showed that the Controller of Currency of the United States issued the Bank's charter in April, 1977, establishing it as a national bank.

By the provisions of Sec. 94, *supra*, Congress has accorded national banks the privilege of having controversies to which they are parties determined in the county of their residence. This in no way limits the jurisdiction of state courts. *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). In that case the Supreme Court held that the provisions of Sec. 94 are mandatory and overrule any conflicting state statutes. However, this privilege which is granted for the convenience of banks can be waived. *First*

---

1. 12 U.S.C.A. Sec. 94 of the National Bank Act provides:

    Actions and proceedings against any association under this chapter may be had in any district or Territorial court in the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

2. Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 23 provides, in part:

    "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; . . . . "

*National Bank of Charlotte v. Morgan,* 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889). If the national bank seeks to enforce obligations which are due it through the use of non-resident courts or self-help repossession laws, it may be subject to countersuit in the non-resident county for matters arising out of that transaction. *First National Bank of Midland v. Stoutco, Inc.,* 530 S.W.2d 619 (Tex.Civ.App.—San Antonio 1975, writ dism'd). "Waiver" requires an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it. *Id.* at 621 and cases cited therein.

■ The issue is whether the Bank waived its venue privilege. We find that the Bank's act of repossessing MacFarland's automobile in Webb County, standing alone, does not constitute a waiver of the mandatory venue rights granted by Congress under Sec. 94 of the National Bank Act. The security agreement between the parties was executed in Bexar County. The Bank filed no proceedings in Webb County, nor did it invoke a court's jurisdiction there in a matter related to this transaction. Further the proof does not show that the Bank routinely transacted business involving other similar security agreements there or called upon the courts and officers of the courts of Webb County to aid in the enforcement of its claims. *See First National Bank of Midland v. Stoutco, Inc., supra.*

Two Texas cases with self-help repossession facts notably similar to the instant one are *Robertson v. Union Planters National Bank of Memphis, Tenn.,* 561 S.W.2d 901 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.) and *Rivera v. Austin National Bank,* 547 S.W.2d 735 (Tex.Civ.App.—Corpus Christi 1977, no writ). Those courts held that proof of the act of repossession in counties other than the residences of the banks did not constitute waiver. We believe that any voluntary act of the Bank in this case resulted from the conduct of the automobile owner, and, therefore, nothing at the venue hearing showed an intent on the part of the Bank to waive the benefits of Sec. 94.

■ Without the overriding provisions of Sec. 94, the Texas venue statute, subd. 23

may well have found the requisite support in the evidence to show that the cause of action, or a part thereof, arose against the corporation in Webb County. We hold that the provisions of Sec. 94 overrule the state venue statute in this case and that no waiver by the Bank of its venue privilege is shown.

The judgment of the trial court denying the national Bank's plea of privilege is reversed, and the cause is remanded to the trial court with instructions to transfer this cause of action to Bexar County.