

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00906-CV

David **MAUK**,
Appellant

v.

**PIPE CREEK WATER WELL, LLC** and Robert Rae Powell,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-00386
Honorable Richard Price, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: May 20, 2015

AFFIRMED

Appellant David Mauk, the general manager for Bandera County River Authority and Groundwater District, was sued for defamation, slander per se, and business disparagement. Mauk moved to dismiss the suit under section 101.106(f) of the Texas Tort Claims Act. He asserted he was immune from suit because he was a governmental unit employee acting within the scope of his employment and the suit could have been brought against the District. The trial court denied the motion and Mauk appeals. Because Mauk failed to conclusively establish the complained of comments were made within the scope of his employment, we affirm the trial court's order.

**BACKGROUND**

Bandera County River Authority and Groundwater District's authority includes issuing water well drilling permits and inspecting the projects. *See* TEX. WATER CODE ANN. § 36.101 (West Supp. 2014) (rule-making authority); *id.* § 36.113 (permits); *id.* § 36.123 (inspections) (West 2008); *Edwards Aquifer Auth. v. Day*, 369 S.W.3d 814, 834 n.109 (Tex. 2012). In response to a complaint about a water well drilling project, the District investigated the drilling activities of Appellees PC Drilling and Service, LLC d/b/a Pipe Creek Water Well, LLC and Robert Rea Powell (collectively Pipe Creek). During an October 4, 2012 meeting of the District's board of directors, Mauk discussed Pipe Creek's alleged rule violations.

On October 11, 2012, a local newspaper reported that Mauk said "The actions of these individuals seem to rise above simple incompetence and likely border on criminal violations." The official report[1] on the District's investigation of the complaint—which included details about Pipe Creek Water Well, LLC and Powell—did not include the phrase "and likely border on criminal violations."

In January 2013, Pipe Creek sued Mauk for defamation, slander per se, and business disparagement. Mauk moved to dismiss Pipe Creek's suit under Texas Tort Claims Act (TTCA) section 101.106(f), but the trial court denied the motion without prejudice. After more discovery, Mauk filed a second motion to dismiss and plea to the jurisdiction based on section 101.106(f). The trial court again denied the motion, and Mauk appeals.

---

[1] Both parties' briefs include attachments that are not in the appellate record. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."). Pipe Creek moved this court to strike Appendix 2 (a putative draft copy of Mauk's report to the Board) to Mauk's brief. We do not consider documents attached to briefs but not contained in the appellate record. *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 292 (Tex. App.—Houston [14th Dist.] 2002, no pet.), *overruled in part on other grounds by Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). Pipe Creek's motion is moot.

**STANDARD OF REVIEW**

A governmental unit employee's motion to dismiss a suit under section 101.106(f) is a motion asserting, inter alia, that the employee was acting within the scope of employment, the legislature has not waived immunity from suit, and thus the trial court lacks subject matter jurisdiction. *See Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) ("When a [government] official files a plea to the jurisdiction, the official is invoking the sovereign immunity from suit held by the government itself."); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004) (discussing immunity from suit asserted in a plea to the jurisdiction). Whether the trial court has subject matter jurisdiction is a question of law which we review de novo. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)).

In its suit, the plaintiff must plead facts showing the defendant's immunity has been waived and the trial court has subject matter jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 621–22 (Tex. 2009) (citing *Miranda*, 133 S.W.3d at 226). If the defendant-movant's plea or motion "challenges the existence of jurisdictional facts," the defendant bears the burden to conclusively prove its immunity has not been waived. *Miranda*, 133 S.W.3d at 226–28; *see Kirwan*, 298 S.W.3d at 622.

We review the jurisdictional evidence like "that of a [traditional] summary judgment." *Miranda*, 133 S.W.3d at 228 (referencing TEX. R. CIV. P. 166a(c)); *accord Kirwan*, 298 S.W.3d at 622. We "take as true all evidence favorable to the nonmovant [and] indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 133 S.W.3d at 228 (citation omitted); *accord Kirwan*, 298 S.W.3d at 622; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

"If the evidence creates a fact question regarding the jurisdictional issue," the defendant has failed to meet its burden for its motion to dismiss. *Miranda*, 133 S.W.3d at 227–28; *accord Heinrich*, 284 S.W.3d at 378.

## MOTION TO DISMISS UNDER SECTION 101.106(F)

A government employee may move to dismiss a suit based on the statutory protection provided in section 101.106(f):

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2011); *see Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011). For the motion to be granted, the government employee must conclusively prove he met the statute's three requirements:

- the defendant was a governmental unit employee at the relevant time,
- the complained of conduct was within the general scope of the defendant's employment with a governmental unit, and
- the plaintiff's suit could have been brought against the governmental unit.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Lopez v. Serna*, 414 S.W.3d 890, 893 (Tex. App.—San Antonio 2013, no pet.) (reiterating components of the defendant's burden); *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (same); *Saade v. Villarreal*, 280 S.W.3d 511, 516 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd) (discussing movant's burden under section 101.106(f)); *see also Miranda*, 133 S.W.3d at 228 (discussing plea to the jurisdiction movant's burden).

We review the evidence for each statutory requirement.

## GOVERNMENTAL UNIT EMPLOYEE

In his affidavit, Mauk states he is the general manager for Bandera County River Authority and Groundwater District and the District is a governmental unit for purposes of the Texas Tort Claims Act. Pipe Creek does not dispute that Mauk was the District's general manager at the relevant time or that the District is a governmental unit. We conclude Mauk met his burden to conclusively prove he was a governmental unit employee at the relevant time. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Lopez*, 414 S.W.3d at 893; *Anderson*, 365 S.W.3d at 124.

## CONDUCT WITHIN SCOPE OF EMPLOYMENT

The parties' central dispute is whether Mauk's alleged statements fall within the general scope of his employment.

### A.     Parties' Arguments

Mauk insists any statements he made are within the scope of his employment. In his affidavit, Mauk averred the District's board of directors determined his job duties, and they are described in his written "Job Description." The Job Description document, which he attached to his affidavit, shows the duties for the general manager include "[o]versee[ing] all District programs including . . . well permits . . . and enforcement actions," and "[m]aintain[ing] professional contacts with State, National, and local groundwater agencies, attorneys, consultants, legislators and the media." Mauk also asserted he "regularly communicate[s] either directly or indirectly with newspaper reporters on a variety of issues concerning the District."

Pipe Creek contends Mauk's comments included slander per se, and they were outside the scope of his employment because an intentional tort would not be authorized by the Board.[2] In

---

[2] "Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse." *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (West 2011) (identifying libel as a tort and defining it as "a defamation expressed in written or other graphic form" that has specified negative effects on a person); *Ethio Exp. Shuttle Serv., Inc. v. City of Hous.*, 164

argument to the trial court, Pipe Creek asserted Mauk admitted in his deposition "I do not believe the [B]oard would condone a slanderous statement."

We consider the evidence pertaining to Mauk's alleged statements with respect to the scope of his employment.

## B.  Definition of Scope of Employment

"'Scope of employment' means the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority."  TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West 2011).  The tasks assigned to the general manager are determined by the District.  *See* TEX. WATER CODE ANN. § 36.056(a) (West 2008); *Day*, 369 S.W.3d at 834.

## C.  Mauk's Scope of Employment

Mauk's Job Description shows his duties include investigating water well drilling projects and advising the Board of the investigation's results.  Pipe Creek does not assert Mauk had no authority to direct an investigation or report the results to the board; instead it contends Mauk's comments were outside the scope of his employment.  Mauk rejects that argument and relies on *Hopkins v. Strickland*, No. 01-12-00315-CV, 2013 WL 1183302 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem. op.).

### *1.*    Hopkins v. Strickland

Hopkins, the former police chief of Liverpool, sued Strickland, Liverpool's mayor, for slander and malicious prosecution.  *Id.* at *1.  Hopkins claimed Strickland defamed him when he made negative comments about Hopkins to a prospective employer.  *Id.*  Strickland averred that his comments about Hopkins were given in response to "a routine employment verification request

---

S.W.3d 751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (recognizing business disparagement and slander as intentional torts).

and that responding to such a request was within the scope of his duties as mayor" and "the chief executive officer [with a] duty to supervise subordinate municipal officers." *Id.* at *3 (citing TEX. LOC. GOV'T CODE ANN. § 22.042(a),(b) (West 2008)).

*Hopkins* concluded that even if Strickland's response was wrongly or negligently performed, "Strickland acted within the general scope of his duties" when he made the statements in response to the employment verification request. *Id.*; *cf. Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004) (addressing governmental unit employee scope of authority).

2.     Ballantyne v. Champion Builders, Inc.

In *Ballantyne*, another instructive case, individual members of the City of Terrell Hills Board of Adjustment were sued for damages from their revoking a building permit. *Ballantyne*, 144 S.W.3d at 419–20.  Even though the BOA's action revoking the permit was later determined to be incorrect, the court explained that the BOA was "expressly authorized by law to consider and affirm, reverse, or modify the city manager's zoning decision." *Id.* at 425.  The court determined the BOA members' actions—though incorrect—were within the scope of their authority. *Id.*; *cf. City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994) ("An official acts within the scope of her authority if she is discharging the duties generally assigned to her.").

3.     *Acting Outside Scope of Employment*

Under *Ballantyne*, we conclude the evidence shows Mauk's actions investigating a water well drilling project and reporting to the Board on the investigation are within his duties. *See Ballantyne*, 144 S.W.3d at 425.  But taking Pipe Creek's evidence as true, we conclude Pipe Creek raised a fact question on whether Mauk's alleged accusation that Pipe Creek's conduct "likely border[ed] on criminal violations" was conduct within his Board-authorized duties. *Contra Ballantyne*, 144 S.W.3d at 425; *Hopkins*, 2013 WL 1183302, at *3.  Unlike *Hopkins*, where Strickland's job required him to "'inspect the conduct of each subordinate municipal officer and

. . . cause any negligence, carelessness, or other violation of duty to be prosecuted and punished,'" Mauk's Job Description has no such comparable authorization. *See Hopkins*, 2013 WL 1183302, at *3 (quoting TEX. LOC. GOV'T CODE ANN. § 22.042(b) (West 2008)). The evidence does not conclusively prove Mauk's alleged statements were in response to the Board's lawful instructions or that his duties require him to report any alleged criminal behavior to a person outside of the Board. *Contra id.* Notably, the Board's official report on the Pipe Creek investigation does not include any statement that Pipe Creek's conduct "likely border[ed] on criminal violations." And according to Pipe Creek's arguments referencing Mauk's deposition, Mauk admitted the Board would not condone a slanderous statement.

Assuming without deciding that Mauk made the statements attributed to him by the published articles, we conclude the evidence raises a genuine issue of material fact on whether making such a statement was within Mauk's scope of employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Lopez*, 414 S.W.3d at 894; *Anderson*, 365 S.W.3d at 125–26. Further, there is no evidence that Pipe Creek consented to any alleged defamation. *See Sedona Contracting, Inc. v. Ford, Powell & Carson, Inc.*, 995 S.W.2d 192, 198–99 (Tex. App.—San Antonio 1999, pet. denied) (recognizing that one may consent to defamatory words).

Taking Pipe Creek's evidence as true, and making all reasonable inferences in its favor, we conclude Pipe Creek raised a genuine issue of material fact as to whether Mauk's conduct was within the scope of his employment; thus, Mauk failed to conclusively prove his conduct was within the scope of his employment. *See Ballantyne*, 144 S.W.3d at 424–25 (scope of employment); *Miranda*, 133 S.W.3d at 228 (standard of review).

Because Mauk failed to meet his burden to conclusively prove his conduct was within the scope of his employment, we need not address the "under this chapter" requirement of section 101.106(f). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Franka*, 332 S.W.3d at 375.

## CONCLUSION

Under Texas Tort Claim Act section 101.106(f), Mauk's burden for his motion to dismiss Pipe Creek's suit was to conclusively prove he was a government employee acting within the scope of his employment and Pipe Creek's suit could have been brought against the District. Because we conclude Mauk failed to meet his burden to conclusively prove his complained of conduct was within the scope of his employment, the trial court did not err when it denied his motion to dismiss. Therefore, we affirm the trial court's order.

Patricia O. Alvarez, Justice